{¶ 70} I write separately, and concur in judgment only, for I am concerned by the majority's analysis of whether appellant's right to counsel was violated by the state. Clearly, this assignment of error is barred by the doctrine of res judicata. The October 20, 1999 statement made by appellant to the police, while in custody, was used by the prosecution to convict him at trial. Thus, the manner in which the statement was obtained was a constitutional question, which could have, and should have, been raised on direct appeal. As such, this court is without jurisdiction to review it at this time.
 {¶ 71} My concern with the majority's analysis, however, is the advisory nature of the opinion that the Edwards rights of appellant were not violated. The majority places much emphasis on the fact that when appellant asserted his right to have counsel present, during the October 14th questioning, he was not under arrest. They are right. However, I believe his custodial status, at the time he asserted the right, is irrelevant. By way of example, consider this Terry stop example.[8] A police officer approaches a man on the street, and in the ensuing dialogue asks the individual if he knows anything about a string of robberies in the neighborhood. If that individual states "I am not talking to you about robberies unless my lawyer is present" and then walks away, his Edwards rights have been invoked from that point forward. You do not have to be under arrest to invoke your right to have counsel present during any subsequent questioning, and that is particularly true when the police initiate the questioning.
 {¶ 72} As stated by the Tenth District Court of Appeals:
 {¶ 73} "`If a suspect in a criminal investigation requests counsel at any time during questioning, he is not subject to further interrogation until a lawyer is provided or the suspect reinitiates the interrogation.'[9] The term `interrogation' under Miranda v. Arizona,[10] `refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'[11]
Whether conduct qualifies as `reasonably likely to elicit an incriminating response' necessarily depends on an examination of the facts and circumstances of each case."[12]
 {¶ 74} "Once a request has been made for counsel, ALL QUESTIONING MUST CEASE, and law enforcement officers should not seek to reinitiate questioning absent the presence of counsel for the defendant."[13]
 {¶ 75} As stated by the Seventh District Court of Appeals:
 {¶ 76} "The reason for this rule is a desire to prevent police from badgering a defendant into waiving his or her previously asserted Miranda rights.[14] However, a limited exception exists to this general rule.[15] That is, if the accused initiates further communication, exchanges, or conversations with the police, it is not necessary for counsel to be present during such occurrences.[16] Accordingly, when questioning occurs between law enforcement officials and a defendant after the defendant has exercised his or her right to counsel, the relevant inquiry is whether law enforcement officials were responsible for initiating the questioning or whether the defendant was responsible."[17] [18]
 {¶ 77} As stated earlier, I believe this issue was ripe for review on direct appeal and, therefore, is not reviewable at this stage. However, I write to clarify my reluctance to establish a rule of law that would permit the "reinitiation" of questioning proposed by the majority. Once a suspect has invoked his right to counsel, the state is prohibited from questioning him, in or out of custody, outside the presence of a lawyer. The custodial status of the suspect when he invokes the right is irrelevant.
[8] See Terry v. Ohio (1968), 392 U.S. 1.
[9] State v. Henness (1997), 79 Ohio St.3d 53, 63, citingArizona v. Roberson (1988), 486 U.S. 675.
[10] Miranda v. Arizona (1966), 384 U.S. 436.
[11] Rhode Island v. Innis (1980), 446 U.S. 291, 301.
[12] State v. Butts (Mar. 7, 2000), 10th Dist. No. 99AP-576,2000 WL 254317, at *2.
[13] (Emphasis added.) State v. Calwise, 7th Dist. No. 00 CA 77, 2003-Ohio-3463, at ¶ 12, citing Edwards v. Arizona (1981),451 U.S. 477, 481.
[14] State v. Santini, 144 Ohio App.3d 396, 2001-Ohio-3313, citing Minnick v. Mississippi (1990), 498 U.S. 146, 150.
[15] Santini, supra.
[16] State v. Raglin (1998), 83 Ohio St.3d 253, 262, citingEdwards, supra, at 484-485.
[17] Santini, supra, citing Minnick, supra.
[18] State v. Calwise, 2003-Ohio-3463, at ¶ 12.